# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

GLADYS O. SODEKE

CRIMINAL COMPLAINT

CASE NUMBER:

**07CR 0842**

**MAGISTRATE JUDGE COX**

KC FILED
DEC 17 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, __Liam O'Neill__, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __December 15, 2007__ in __Cook__ County, in the __Northern__ District of __Illinois__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute a controlled substances, namely, in excess of five kilograms of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am a __Special Agent with the United States Immigration and Customs Enforcement__ and that
                                                              Official Title
this complaint is based upon the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof: __X__ Yes ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 17, 2007                              at         Chicago, Illinois
Date                                                      City and State

_____                                 _____
Susan E. Cox, United States Magistrate Judge              Signature of Judicial Officer
Name & Title of Judicial Officer

STATE OF ILLINOIS      )
                       )  SS
COUNTY OF COOK         )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Liam O'Neill, being duly sworn on oath, state as follows:

1. I am a Senior Special Agent with the Department of Homeland, Security Immigration and Customs Enforcement ("ICE"). I have been employed with ICE since March of 2003. Prior to this position, I was employed with the former Immigration and Naturalization Service since April of 1990. I am presently assigned to the Office of the Resident Agent in Charge at Chicago O'Hare International Airport. I am familiar with investigations involving the importation, exportation and the possession of controlled substances. The information contained in this affidavit is based on the observations, investigation and experience of myself and other participating state and federal law enforcement officers.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of the attached complaint. I learned the facts set forth herein from my own personal knowledge or information provided to me by other ICE agents and other law enforcement officials. It contains only a summary of the facts and is not intended to be a detailed account of everything known about the individuals and events described herein.

3. As set forth below, Affiant submits that there is probable cause to believe that GLADYS O. SODEKE did knowingly and intentionally possess with intent to distribute a controlled substance, namely, in excess of five kilograms of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. On December 15, 2007, at Chicago O'Hare International Airport, Officers from Customs and Border Protection in conjunction with ICE Special Agents were conducting an

outbound enforcement operation on American Airlines Flight 90 to London, England. As part of the operation, officers searched the contents of two black bags that had been checked by GLADYS O. SODEKE with American Airlines for placement on Flight 90 to London, England. Upon opening one of the bags, the Affiant observed that the area around the edges of the bag appeared to have been tampered with. Upon further inspection, the Affiant discovered that a hidden compartment had been installed in the bag. The inner shell that masked the hidden compartment was separated from the outer shell of the bag and two large rectangular cellophane packages were discovered. The packages were probed and a white powdery substance was discovered. A field test was then performed and the substance tested positive for the presence of cocaine. The Affiant subsequently discovered a hidden compartment in the other bag that contained two additional large rectangular cellophane packages of a substance that field tested positive for the presence of cocaine. In total, the four cellophane bags discovered in SODEKO's bags weighed approximately 9.6 kilograms. Based upon my training and experience, the wholesale value of this amount of cocaine would be approximately $200,000.

5. After discovery of the substance in SODEKO's bags, the Affiant contacted the American Airlines ground staff and instructed them to make an announcement asking GLADYS SODEKE to come to the front of the plane. SODEKE was then met by a Customs officer who questioned her and confirmed her identity as SODEKE and confirmed that she had checked two bags. SODEKE was then taken off of the plane and transported to the International Terminal for further questioning.

6. Upon arriving back at the International Terminal, the Affiant and another Special Agent advised SODEKE of her *Miranda* rights. SODEKE stated that she understood her rights and

agreed to speak with the officers without a lawyer present. SODEKE stated that she lived in Brooklyn, New York and, last summer, had been contacted by a friend known to her as "Dilly." "Dilly" asked her if she wanted to make some quick money by traveling to Chicago to meet his friend "Ayo" and do some "business" there. Without purportedly obtaining any more details on the nature of the "business" from "Dilly," SODEKE agreed and, last week, a person identifying himself as "Ayo" contacted SODEKE and told her to fly to Chicago. "Ayo" also told SODEKE that she would need to travel to London.

7. SODEKE further told the Affiant that she arrived in Chicago on Wednesday (December 12, 2007), and was picked up at the airport by "Ayo." "Ayo" then took her to the Heart of Chicago Motel, where she stayed for one night. On the next day, which would have been Thursday (December 13, 2007), "Ayo" picked SODEKE up at the hotel and took her to the Stoney Island Motel, where she stayed until Saturday (December 15, 2007). "Ayo" paid for SODEKE's hotel room during this time. "Ayo" also told SODEKE that she would be traveling to London, England as soon as he could obtain a cheap ticket. SODEKE stated she was going to be "reimbursed" or paid by "Ayo" after she returned and completed her business.

8. SODEKE informed the Affiant that, on Friday (December 14, 2007), "Ayo" came to her motel room with two other men. "Ayo" and his companions gave her the two hard sided suitcases or bags that she eventually checked with American Airlines. "Ayo" told SODEKE to put her clothes in one bag and to take the other bag to his brother in London. "Ayo" then gave SODEKE his brother's name, address, and phone number and told SODEKE that someone would pick her up at the airport in London. "Ayo" also told SODEKE that a person would be traveling on the plane with her to make sure there were not any problems during the trip. "Ayo" stated that SODEKE

-3-

would be taken care of when she returned, which SODEKE understood to mean that she would be paid well for her work. SODEKE stated that, at this time, she became concerned and believed that there might be something wrong. Specifically, she believed that there might be drugs in the bags and told "Ayo" that she did not want to make the trip. "Ayo" and the two other men then threatened her and told her that she could not back out. "Ayo" also tried to reassure her by telling her that another person had traveled last week and that the other person had not had any problems. SODEKE stated that she decided to make the trip because she wanted the money, although she claimed that "Ayo" never told her how much he would pay her for making the trip.

9. After she agreed to make the trip to London, "Ayo" and the two men left SODEKE in the hotel room with the two bags that "Ayo" and his companions had given her earlier. SODEKE remained in the room alone until she left by herself for the airport the following day (December 15, 2007) with the two bags.

10. SODEKE stated that she took a taxi by herself to the airport and checked in for American Flight 90 to London with tickets given to her by "Ayo." SODEKE stated that she checked the two bags given to her by "Ayo" and proceeded to the gate. While she was waiting at the gate, one of the men who had been at the motel room the day before approached her and stated he would be going with her to London, England to make sure she was fine. Thereafter, they boarded the plane.

11. Based upon the facts set forth in this affidavit, I believe there is probable cause to believe that GLADYS O. SODEKE did knowingly and intentionally possess with intent to distribute a controlled substance, namely, in excess of five kilograms of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 18, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NOT

_____
Liam O'Neill
Senior Special Agent
U.S. Immigration and Customs Enforcement

Subscribed to and signed before me
this 17th day of December 2007

_____
Susan E. Cox
United States Magistrate Judge